Jeremy J. Gugino
Chapter 7 Bankruptcy Trustee
410 S Orchard St., Suite 144
Boise, ID 83705
(208) 342-1590
gugino@cableone.net

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| In Re: | CHAPTER 7 |
|---|---|
| BORUP, DEAN MARVIN<br>BORUP, GAIL SPJUTE | CASE NO. 10-02943-JDP |
| Debtors. | AFFIDAVIT IN SUPPORT OF<br>TRUSTEE'S FEES AND EXPENSES |

STATE OF IDAHO    )
                                ) ss.
County of Ada         )

COMES NOW THE TRUSTEE, Jeremy J. Gugino ("Trustee"), and offers the following in support of his request for fees in the amount of $37,221.87 and expenses in the amount of $264.36.

I, Jeremy J. Gugino, after being first duly sworn upon oath deposes and states as follows:

1. I am over the age of 18 years and have personal knowledge of the facts set forth herein.

2. Dean and Gail Borup ("Debtors") filed a voluntary chapter 7 bankruptcy petition on 9/10/2010. Doc. No. 1.

3. Keith and Judith Borup, brother and sister-in-law of the Debtors, filed a voluntary chapter 7 petition that same day. Richard Crawforth ("Crawforth") was appointed as trustee for that case.

4. During the course of Trustee's investigation into the Debtors' assets, he discovered that the Borup brothers had engaged in an elaborate pre-petition scheme to conceal and/or protect approximately two dozen pieces of real property and other personal property assets in a network of entities and trusts.

5. Of the real property contained in the entity network, about a dozen properties were either unencumbered or had equity above and beyond any encumbrances.

6. Some of the real property was over-encumbered and thus provided no equity.

7. Much of the most valuable real property was co-owned 50/50 by Dean and Keith Borup, however some of the real property was owned exclusively by Dean and Gail Borup or Keith and Judith Borup.

8. Following an extended investigation and litigation, Trustee, Crawforth and both sets of Debtors entered into a settlement agreement under which Trustee and Crawforth would take possession of the real property referenced herein, liquidate it, and retain 85% of the net sale proceeds. The Borup's, in turn, would retain 15% of the net sale proceeds.

9. Any sale proceeds derived from real or personal property owned exclusively by Dean and Gail Borup would be retained 100% by Trustee.

10. Any sale proceeds derived from real or personal property owned exclusively by Keith and Judith Borup would be retained 100% by Crawforth.

11. Any sale proceeds derived from property owned 50/50 by the Borup brothers would be split evenly between Trustee and Crawforth.

12. During the course of the case, Trustee collected assets totaling $1,228,712.26, comprised mainly from the sale of the real property discussed herein.

13. Of that total, $540,674.96 was distributed to Crawforth or the Debtors. This number includes Crawforth's 50% ownership interest in properties sold pursuant to the agreement referenced herein. This number also includes the 15% of the net sale proceeds which the Debtors were entitled to under the settlement. TRUSTEE IS NOT SEEKING COMPENSATION FOR ANY OF THESE MONIES PAID TO CRAWFORTH OR DEBTORS.

14. In addition, Trustee paid an $8,600.00 exemption to the Debtors through the sale of the equity in their 2006 Chevrolet Equinox.

15. Excluding the monies paid to Crawforth and Debtors, Trustee collected $679,437.30 ($1,228,712.26 - $540,674.96 - $8,600.00 = $679,437.30).

16. Pursuant to 11 U.S.C. § 326, Trustee is entitled to the following compensation:

   a. 25% of first $5,000 collected:        $1,250.00

   b. 10% of next $45,000 collected:        $4,500.00

   c. 5% of next $950,000 collected:        $31,471.87

   **TOTAL:**                               **$37,221.87**

17. The Amended Trustee's Final Report ("TFR") was prepared after extensive review by Trustee, his staff and the United States Trustee.

18. The amended TFR was filed at Doc. No. 286. Page one clearly sets forth the gross assets collected, the payments made to third parties (for which Trustee is not seeking compensation) and the net estate.

19. Trustee believes the TFR is true and accurate and correctly reflects the calculation of his compensation based on the assets collected.

AFFIDAVIT IN SUPPORT OF TRUSTEE'S FEES AND EXPENSES  10-02943-JDP

20. Trustee further believes the reimbursement of costs requested is reasonable and reflect the actual cost of various expenses incurred in this case – mainly for copies and postage.

/s/ _____
Jeremy J. Gugino, Trustee

**SUBSCRIBED AND SWORN** to before me this 27th day of September, 2013.

_____
Susan Brittell
Notary Public for Idaho
Residing at Boise, Idaho
Commission expires: 3/31/2015